**IN THE COURT OF APPEALS OF IOWA**

No. 21-0743
Filed August 4, 2021

**IN THE INTEREST OF D.W. and N.W.,**
**Minor Children,**

**D.W., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

　　A father appeals the termination of his parental rights.  **AFFIRMED.**

　　Timothy J. Tupper, Davenport, for appellant father.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Jennifer Olsen, Davenport, attorney and guardian ad litem for minor children.

　　Considered by Vaitheswaran, P.J., and Mullins and May, JJ.

**MAY, Judge.**

A father appeals the termination of his parental rights to his children, D.W. and N.W. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Those steps include: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

The father only appeals the juvenile court's best-interest determination, so we limit our review to that step. When making a best-interest determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2) (2009)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

The father argues termination is not in the children's best interest due to their close bond with him. We disagree. The social worker assigned to this family described the bond between the father and children as "minimal." Conversely, the children are bonded to the foster parent and fully incorporated into her family. *See*

Iowa Code § 232.116(2)(b) (2020). They refer to her as "mom." The foster parent is interested in adopting the children and has completed adoption classes. And caseworkers believe the foster parent will be able to meet the children's developmental needs in the future. Termination is the next logical step toward the permanency these children need and deserve. It is in their best interests.

We affirm without further opinion. Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**